Good morning your honors and aloha. Thank you. We're in Hawaii after all. Anyway, my name is Emmanuel Guerrero. I represent Claudio Bilog. Mr. Bilog is in the gallery. This case is a rather simple case based upon the Ninth Circuit Court's recent opinions, one being U.S. v. Nobriga. U.S. v. Nobriga, your honors, initially in 2005, this court made an opinion in the first Nobriga case, which the Nobriga decision, the first Nobriga decision, was later withdrawn. But the first Nobriga decision, which was cited in my brief to the BIA, addressed the issue of whether abuse of a family or household member under Hawaii Revised Statute 709-906 is in fact a misdemeanor crime of domestic violence. And it was our position then and it's our position now that it is not. Categorically, it is not. But before we address that, I think there's concerns about whether or not the petitioner in this case addressed that issue before the BIA. Your honor, the record makes it abundantly clear that that issue was addressed. It was briefed. The opposing counsel, not opposing counsel here, but the trial counsel for the DHS actually wrote a brief, actually wrote a brief addressing that particular issue. Well, the issue was, or maybe it's a collateral issue, was whether they were domestic, whether they were a family or whether they were just casual acquaintances or something. And you are correct, your honor. What was it he pled guilty to? He did not plead guilty, your honor. Or why did he say he pled no? No contest. Yeah. Pled no contest to the amended charge of abuse of family or household member. And if you take a look at the complaint, the amended complaint, it's on the record. The difficulty is that that is not the exhaustion question that matters. Well, I'm not sure. Is it? I believe it is. I believe the issues have been exhausted. If you take a look at the record, your honor, take a look at it very carefully. Now, the... I understand that you cited the case. Yes. And I understand that you made a big pitch that this was not domestic violence because of the circumstances of Bill Ogg's situation. But the key issue is whether the use of force categorically or under the modified categorical approach qualifies as crime of violence. And I don't see anywhere where you argued that point. I may have missed it. Well, your honor, if you take a look at the brief to the BIA, we cited the first Nobriga. And I am very familiar with Nobriga, your honor, because I... Did you see the distinction I'm drawing? Yes. So where in your brief did you make the argument that the Hawaii statute is too broad because it covers reckless as well as intentional use of force? Well, if you take a look at page six, your honor... Of what? I'm sorry, page five of my brief. To the BIA? Yes. But you have to keep in mind, your honor, the first Nobriga case, the first Nobriga case by this court, and without tooting my own horn, the Nobriga case, I made the motion in district court, which Judge Gilmer ultimately denied. But see, okay, again, I hate to... I'm sorry to be picky on it, but I'm trying to focus you in more. I understand that you argued Nobriga. Yes. And I understand that you argued that this didn't show that he... I mean, just because it was his girlfriend, it wasn't enough to be a case of domestic violence. Yes, your honor. The page five of my... You think you argued the issue that was resolved in Nobriga too? Well, I believe I did, because Nobriga one, this court said that there was... Recklessness was enough for physical force. But if you take a look at page... So I argued what I had at that time, what the law was at that time. And if you take a look at page five of my argument on the brief, which is page 54 of the record, I specifically state... Abuse of family household members is a crime of violence. It must be established that, number one, physical force was used. Well, I'm looking at this page six of your brief to the BIA. Yes. It indicates that the record shows that respondent has a conviction against his ex-girlfriend for fracturing the ex-girlfriend's ankle. And then you go on to say, but the record is abundantly clear that the second element, meaning of a domestic relationship, had not been established. So it appeared to me that you had conceded the issue of that it was a crime of violence and that force had been used, that her ankle had been fractured, and only the domestic relationship aspect was at issue. It appears that perhaps, and you are right, John, perhaps I should have had the foresight to see that Nobriga would have been, in terms of the physical force, would have been overturned. And that ultimately, in December of 2006, that this court followed the Bellis decision, indicating that, and then the Leal-Kauf Supreme Court decision, stating that the state of mind of recklessness is not enough. That's why this court, I should have had the foresight. I agree with you, Your Honor. Well, what do we do about it now? What we can do about it now is take a look at Fernandez-Ruiz. Take a look at Second USA v. Nobriga. USA v. Nobriga tells us recklessness is not enough. Well, no, but what the law tells us is that we do not have jurisdiction, period, unless an issue has been exhausted. So if that's the case, it doesn't make much difference what Nobriga II or Fernandez-Ruiz say, right? Well, there's two alternatives. One, of course, I can request, and if it's required, and I do believe I think that's what the court is telling me, I can respectfully ask that the matter be remanded to the board for a decision on that particular issue. Because in all fairness— Have you sought to reopen before the board? No, Your Honor. As a matter of fact, I'll be quite frank with you. This case is a 2004 case. Ruiz was submitted way back in early 2006. And quite frankly, Your Honor, until I got the notice from this court that we were now due for argument, it's one of those cases that sat in the back burner. But it doesn't mean that we waived the issue. It was exhausted because we raised that point to the BIA. But if, in fact, it needs to be remanded, then so be it. Because Nobriga is there. Fernandez-Ruiz is there. It would be a travesty of justice if we say now that Mr. Bilo, who had been a near lifelong resident of the state of Hawaii, who's gainfully employed, who's here before you today, who has a home, it would be a shame. It would be a shame to say that because counsel did not have the foresight to believe that Nobriga's first issue, which was raised, would be overturned. And it would be a shame. Because if you look at the entirety of the record, starting from the transcripts of the proceedings, Mr. Bilo, Master, we challenged removability, challenged the allegation that it is a crime of violence. But if you also take a look at it, and it has been the practice of this immigration court, once the immigration court is of the opinion that it is a removable offense, they don't even have a hearing on that issue. And the immigration court here basically says, you're removable. What relief do you have? And if you take a look at the notice of appeal, if you take a look at it very carefully, and you take a look at the time that it was filed, you'll notice that... I think we understand that. Mr. Rivera, would you like to save some time for rebuttal? Yes, Your Honor. Thank you. And again, aloha. Thank you. Thank you. Mr. McGreal. Christopher McGreal on behalf of the respondent. This petition for review should be dismissed in part and denied in part. It should be dismissed because petitioner has failed to exhaust his administrative remedy regarding the crime of violence issue. It should be denied because the record evidence supports that there was the requisite domestic violence or domestic partner relationship as required under INA Section 237A2EI. Mr. McGreal, I have a somewhat different question. We do have... Let's assume for the moment that the issue was not raised sufficiently to preserve it, the Nobrega II issue. Just assume that. We do have a line of cases which stand for the proposition that when you're looking at whether an offense was an aggravated felony or a crime of violence and the issue has been somehow waived in the administrative hearing, it is not the kind of issue on which this Court defers to expertise of the BIA. Therefore, we go ahead and hear the issue as it is strictly an issue of law. And normally those cases come up in a situation where our option is to remand or not to remand. So I understand that it's slightly different. But I wanted to get your input on the relevance of that line of authority. Your Honor, the respondent would contend that this is a unique scenario where the Board has specifically said that the issue was waived. So the Board didn't even have an opportunity to address it in the first instance. Petitioner in his administrative appeal brief at AR 55 and even before the immigration judge at AR 112 to 113 stated that crime of violence was not an issue. In fact, he said that assuming under normal circumstances through counsel, we would not contest that an abused family household member as stated in the complaint would be one of crime of violence. So the agency below never had any opportunity. Well, I understand that. But that doesn't exactly address the cases that I'm thinking about, which of course would be Huerta Guevara, which I wrote, and Fernandez Ruiz, and a bunch of other cases where we have said on this limited kind of question, whether it's a crime of violence or an aggravated felony, we owe no deference to the BIA because it's not an issue within its particular competence. Therefore, a waiver doesn't matter. We just go ahead and hear it and resolve it. Why shouldn't we do that here? Respondent, again, would contend also with the case that we submitted from the Supreme Court that exhaustion here when it has been statutorily raised in the INA, that this must have been exhausted before the agency before. Without that, the court is without jurisdiction to review crime of violence in the first instance. Even respective of that there is no deference to the – this court has found it will not extend the same Chevron deference in interpreting criminal statutes. Okay, well then let me ask this. Why wouldn't exhaustion simply be futile? Because we know what the BIA has to do. If we send it back to the – if we dismiss for lack of jurisdiction, is there an opportunity to reopen in front of the BIA? Your Honor, that was another thing. The petitioner also in this situation was not without remedies. There was the avenue of either a motion to reopen or a motion to reconsider. While that is discretionary, there is some, as we submitted with the 20HA letter, that there is some board precedent where there is a major change in law. The BIA can exercise its discretion to reopen. But here we would stress that before the board particularly, the petitioner did have the benefit of the Supreme Court's decision in Leopold and could have made the argument. What makes this different from Fernandez-Ruiz is in the Fernandez-Ruiz board decision, crime of violence was addressed by the board. It was at issue. Here the board is specifically stating its decision and pointing to AR-55 on page 6 of the administrative appeal brief. The crime of violence is waived. So given that petitioner could have had the benefit of Leocal before the board of immigration appeals, and additionally to that has consistently before the immigration judge at 112 and 113 and at AR-55 is saying crime of violence isn't the issue in this case. It's the domestic relationship. And from there the agency proceeded to examine whether the domestic relationship qualified under INA Section 237A2EI. We'll also argue that these are two separate claims within 237A2EI. They failed to exhaust crime of violence but did address domestic relationship. And this court has recently in a March 2008 decision, as we also stated in our 20HA letter, in Rendon v. McKasey noticed the distinction between claims when different claims under a removability are not exhausted, that this court would also lack jurisdiction. Regarding the domestic relationship, the record evidence there, we would say, supports that based on the amended complaint, it was specifically narrowed to a household or a family member. And looking at that, it specifically narrowed it down from the police, the original crime that dealt with abuse to a family and household member and a police officer that the amended complaint narrowed it down to the particular category. The judgment said, had the statute and then said per the amended complaint, file, whatever, and then the amended complaint had the information about Marilyn Ignacio being a domestic family member or a relationship falling within that category. But the language per amended complaint isn't exactly what we said in Vidal was the crucial language that was necessary. I think it was as charged in the information. Why is the language per the amended complaint enough, given our strong language in Vidal? Your Honor, we would stress that because it narrowed it down to the specific category of household family member, and then the judgment also stated that it was referencing that complaint that was narrowed down from the assault, that within this particular set of circumstances, and it was specifically naming Marilyn Ignacio, and it was never disputed at the immigration hearing that the particular was the girlfriend, that this was someone who was protected, especially when looking at the definition of a household member under the Hawaiian statute, that this was a protected member under a domestic violence law under the state of Hawaii or any state of the United States. So your position is that we don't need to be hyper-technical, we don't need the exact language that was in Vidal in order to say that the judgment includes the amended complaint? Well, we say in this particular set of circumstances that where, as the court cited, Shepard and United States v. Vidal, where the amended complaint narrows it down to the specific charge here, household or family member, physical abuse to a household or family member, and then the judgment reflects that, and that also the no contest says the state can prove the factual basis of this complaint. Right, but that could be what he was told by the police, not following orders by the police, right? There was nothing specific in his plea that would say he had violated the part that said you can't assault a family member. Well, we contend that in this scenario that it was sufficiently narrowed between the police officer part of 709-906-1 and additionally the household family member, the amended complaint, and that the judgment by the trial judge specifically referred to the 2000, the January 16, 2000 complaint, that this should be, that the requisite domestic relationship was established under INA Section 237A2EI. Additionally, this petition for review should again be dismissed regarding crime of violence because that issue was not exhausted, and this petition for review should be denied because the record evidence has sufficiently established or does not compel a contrary finding that the requisite domestic relationship. If there are no further questions, Your Honors. All right. Thank you. Mr. Guerrero. Your Honor, again, I want to thank you, but we have to take a look at what was argued below, and it is our position that it was in fact argued that physical force was not established. We have to keep in mind at that time Nobriga, this Court, did not follow the second Nobriga which said physical force, in fact, as in Fernandez-Ruiz, required specific intent. Thank you. Thank you, Counsel. Both of you, the matter just argued will be submitted.
judges: Goodwin, Rymer, Ikuta